**Mohamoud ABDI, Plaintiff,**

v.

**Michael CHERTOFF, et al., Defendants.**

Civil Action No. 08–11302–JLT.

United States District Court, D. Massachusetts.

Dec. 17, 2008.

Christopher R. Donato, United States Attorney's Office, Boston, MA, Kathryn L.

Moore, U.S. Department of Justice, Washington, DC, for Defendants.

Joshua L. Goldstein, Law Offices of Joshua L. Goldstein, PC, Boston, MA, for Plaintiff.

## MEMORANDUM & ORDER

TAURO, District Judge.

On July 30, 2008, Plaintiff Mohamoud Abdi filed this mandamus action seeking to compel Defendants (collectively "the Government") to adjudicate Plaintiff's I–485 Application to Adjust Status.[1] Plaintiff, a Somalian asylee, filed the application on December 13, 2004,[2] but the Government has failed to adjudicate the application for over four years. Importantly, Plaintiff does not now ask this court to compel a favorable decision with respect to the application but merely seeks a court order requiring Defendants to process the application.[3] For the following reasons, this court hereby orders that: (1) Defendants' *Motion to Dismiss* [# 10] is DENIED; (2) Plaintiff's *Motion for Summary Judgment* [# 12] is ALLOWED; and (3) Defendants' *Motion to Defer Consideration of Plaintiff's Motion for Summary Judgment* [# 17] is DENIED.

The Government brings the Motion to Dismiss pursuant to Rule 12(b)(1) and (6) on the grounds that this court lacks subject matter jurisdiction and that Plaintiff has failed to state a claim. Plaintiff contends that this court has jurisdiction pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, federal question jurisdiction, 28 U.S.C. § 1331; the Administrative Procedure Act ("APA"), 5 U.S.C. § 701; and the mandamus statute, 28 U.S.C. §§ 1331 and 1361, *et seq.* The Government argues that the

---

1. Compl. ¶ 1.

2. *Id.* ¶ 8.

3. *See id.* 5.

pace of processing and adjudicating applications for adjustment of status is a discretionary decision barred from judicial review.[4]

Courts are divided over whether a federal court has jurisdiction to review the Government's time frame for processing applications for adjustment of status, but this court finds the reasoning in *Tang v. Chertoff* to be persuasive.[5] There, Judge Gertner held that the jurisdiction-stripping language in the INA only bars review of the "substance of an adjustment of status decision," leaving the "pacing of such a decision" subject to judicial review.[6] "Further, courts have noted that to defer to agencies on pace of adjudication would be effectively to lift the duty to adjudicate applications altogether."[7] The APA requires courts to "compel agency action unlawfully withheld or unreasonably delayed"[8] where the delayed agency action is "legally required."[9] "A grant of adjustment of status is not 'legally required,' but adjudication of the application one way or the other certainly is."[10] Accordingly, the APA imposes a duty on the Government to adjudicate adjustment of status applications within a reasonable time.[11]

While it would be difficult to identify with any precision a "boundary between reasonable and unreasonable time for adjudication of permanent residency applications,"[12] the four-year delay here is clearly not reasonable.[13] Accordingly, Defendants are hereby ordered to adjudicate Plaintiff's application for adjustment of status and render a decision by February 17, 2009. Parties shall notify this court of the Government's decision with respect to the application by February 20, 2009.

IT IS SO ORDERED.

---

4. Def.'s Mem. Supp. Mot. Dismiss 5.

5. 493 F.Supp.2d 148 (D.Mass.2007).

6. *See id.* at 151.

7. *Id.* at 156 (citing *Salehian v. Novak*, No. 3:06–cv–459, 2006 WL 3041109, at *2 (D.Conn. Oct. 23, 2006); *Agbemaple v. INS*, No. 97–C–8547, 1998 WL 292441, at *2 (N.D.Ill. May 18, 1998)).

8. 5 U.S.C.A. § 706(1) (West 2008).

9. *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004).

10. *Tang*, 493 F.Supp.2d at 155.

11. *Id.* at 154.

12. *Id.* at 157.

13. *See id.* at 157–58 (finding a four year delay unreasonable); *Salehian*, 2006 WL 3041109, at *1 (two years); *Hu v. Reno*, No. 3–99–CV–1136–BD, 2000 WL 425174, at *4 (N.D.Tex. 2000) (two-and-a-half years); *Paunescu v. INS*, 76 F.Supp.2d 896, 902 (N.D.Ill.1999) (two years); *Yu v. Brown*, 36 F.Supp.2d 922, 935 (D.N.M.1999) (two-and-a-half years); *Agbemaple*, 1998 WL 292441, at *2 (twenty months).